UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Jovan Cornelius Simon, | ) | Crim. No.: | 4:12-cr-00742-RBH-1 |
| | ) | Civ. No.: | 4:16-cv-03282-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on Petitioner Jovan Cornelius Simon's pro se motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## Background

On September 25, 2012, Petitioner and a codefendant[1] were charged in a single count indictment

as being felons in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and (e). *See* ECF No. 2. Petitioner was arrested on May 9, 2013, and on August 27, 2013,

he was charged in a two-count superseding indictment with (1) conspiracy to distribute and possess with

intent to distribute cocaine, cocaine base, and marijuana ("Count One"), in violation of 18 U.S.C.

§§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 846, and (2) being a felon in possession of firearms and

ammunition ("Count Two"). *See* ECF Nos. 52 & 101. Petitioner's charges stemmed from two separate

traffic stops, Count Two from a stop on February 28, 2012, and Count One from a stop on May 9, 2013.

Petitioner's trial counsel, Ashley Nance, filed motions to suppress the evidence from both stops; the

Court denied the motions after holding evidentiary hearings on them. *See* ECF Nos. 90, 96, 109, 133,

---

[1]      On March 28, 2013, Petitioner's codefendant Markie Cox pled guilty to an information charging him with misprision of a felony. *See* ECF Nos. 45, 46, & 50.

1

144. Trial counsel also filed a motion to sever Counts One and Two, which the Court denied. *See* ECF Nos. 113, 118, & 119. Additionally, during the pretrial proceedings, the Government made several plea offers, all of which Petitioner rejected. *See* ECF Nos. 264-2, 264-6, & 264-8.

Petitioner proceeded to a jury trial and was found guilty on both counts.[2] *See* ECF Nos. 149, 151, & 158. The U.S. Probation Office prepared a presentence investigation report ("PSR") that calculated Petitioner's advisory sentencing guideline range as 121 to 151 months' imprisonment. *See* PSR [ECF No. 210] at ¶ 102. Regarding Count One, the PSR determined Petitioner was accountable for 3.5 grams of powder cocaine and 41.8 grams of crack cocaine. *See* PSR at ¶¶ 9, 10, 11, & 17. Trial counsel filed numerous objections to the PSR, including a challenge to the crack cocaine weight attributed to Petitioner.[3] *See* ECF No. 264-13. After considering trial counsel's objections and arguments at sentencing, the Court reduced the amount of crack cocaine attributed to Petitioner from 41.8 grams to 30.8 grams. *See* ECF No. 238 at pp. 26–33. This reduction resulted in Petitioner's advisory guideline range being lowered to 110 to 137 months' imprisonment. *Id.* at p. 35.

The Court sentenced Petitioner to concurrent terms of 137 months' imprisonment on Count One and 120 months' imprisonment on Count Two.[4] *See* ECF Nos. 209 & 211. Judgment was entered on April 25, 2014, and Petitioner filed a notice of appeal. *See* ECF Nos. 211 & 220. Petitioner's appellate counsel (Andrew Mackenzie) filed a brief pursuant to pursuant to *Anders v. California*, 386 U.S. 738

---

[2] Respondent's brief summarizes the evidence presented at trial, and the Court adopts that summary without repeating it here. *See* ECF No. 280 at pp. 3–4.

[3] Trial counsel also filed a sentencing memorandum reiterating his challenge to the drug weight. *See* ECF No. 208 at pp. 5–7.

[4] On May 27, 2015, the Court granted Petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (based on Amendment 782 to the Sentencing Guidelines), which reduced his sentence to 120 months' imprisonment. *See* ECF Nos. 249 & 251.

(1967), and Petitioner filed a pro se supplemental brief. *See* ECF No. 244 at p. 2. On February 2, 2015, the Fourth Circuit issued an opinion affirming the Court's judgment. *See* ECF No. 244; *United States v. Simon*, 600 F. App'x 89 (4th Cir. 2015). The Fourth Circuit denied Petitioner's petition for rehearing and rehearing en banc, and it issued the mandate on March 31, 2015. *See* ECF Nos. 247 & 248. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 5, 2015. *See Simon v. United States*, 136 S. Ct. 169, 2015 WL 4078259 (2015).

On September 30, 2016,[5] Petitioner filed the instant pro se § 2255 motion with accompanying legal memoranda. *See* ECF No. 257 at p. 13. Both trial counsel and appellate counsel filed affidavits addressing their representation of Petitioner. *See* ECF Nos. 264 & 274. The Government ("Respondent") filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 280 & 281. Petitioner filed a reply to the response, as well as a response in opposition to the motion for summary judgment. *See* ECF Nos. 284 & 285.

## Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could

---

[5]     Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the

evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

<u>**Discussion**</u>

Petitioner asserts seven grounds for relief in his § 2255 motion, all of which allege ineffective assistance of counsel. The Court must review claims of ineffective assistance of counsel under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* Thus, "[w]hen ineffective assistance claims are based on the failure to raise, develop, or properly present an underlying claim, an examination of the merits of the underlying claim will frequently be dispositive of the ineffective assistance claim." *Orbe v. True*, 233 F. Supp. 2d 749, 765 (E.D. Va. 2002), *aff'd*, 82 F. App'x 802 (4th Cir. 2003). "If the underlying claim is meritless, counsel's failure to pursue it can be neither unreasonable nor prejudicial, and no further inquiry is necessary." *Id.*

5

Applying the above law, the Court will address Petitioner's claims.[6]

## I.    Ground One

Petitioner claims trial counsel was ineffective "by failing to present an independ[e]nt challenge to the search and seizure of the firearms evidence based on U.S. Supreme Court precedent in Arizona v. Hicks, 480 U.S. 321 (1987) and its line of cases." ECF No. 257 at p.4; ECF No. 257-2 at p. 2. Petitioner's claim relates to the firearms and ammunition that police recovered from his vehicle during the February 28, 2012 search. *See* ECF No. 257-1 at pp. 1–2.

Petitioner cannot show *Strickland* prejudice because his claim fails on the merits. *Arizona v. Hicks* involved the plain view exception to the warrant requirement, specifically "whether this 'plain view' doctrine may be invoked when the police have less than probable cause to believe that the item in question is evidence of a crime or is contraband." 480 U.S. at 323. In *Hicks*, the Supreme Court held that a police officer violated the defendant's Fourth Amendment rights when the officer, even though legally in the defendant's apartment in response to a shooting that had just occurred, picked up some stereo components without a warrant to see their serial numbers and determine whether they had been stolen. *Id.* at 323–26.

*Hicks* is inapplicable to Petitioner's case because, as Respondent points out, the warrantless search of Petitioner's car relied on the automobile exception to the warrant requirement—not the plain

---

[6]    All seven of Petitioner's claims allege ineffective assistance of *trial* counsel; however, he makes a cursory allegation that "[a]ppellate counsel provided ineffective assistance on direct appeal." *See* ECF No. 257 at pp. 4, 6–7, 9–10. Petitioner appears to argue appellate counsel was ineffective for not raising these claims (i.e. the allegations of ineffective assistance of trial counsel) on appeal. *See generally Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (recognizing the right to effective assistance of counsel on appeal). As explained below, Grounds One, Two, Four, Five, Six, and Seven do not have any merit, and therefore appellate counsel cannot be deemed ineffective for failing to raise them. Regarding Ground Three, the Court will be holding an evidentiary hearing on this ground, and after this hearing, the Court will rule on both Petitioner's ineffective assistance claims—of trial and appellate counsel—as these claims relate to Ground Three.

view exception.  *See United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) ("Police officers do not need a warrant to search an automobile if they have probable cause to believe it contains evidence of criminal activity. . . .  Under the automobile exception, police officers may search for evidence of *any* crime, not just of the offense that provided the basis for the arrest.").  In fact, the Court denied Petitioner's motion to suppress the fruits of the February 28, 2012 search—filed by trial counsel—on this very basis.  The Court ruled the police officer's "smelling the marijuana . . . gave probable cause to search the vehicle **based on [the] automobile exception**."  ECF No. 141 at pp. 102–04 (emphasis added).  The Fourth Circuit affirmed the Court's ruling, stating that "an officer who smells marijuana upon approaching a vehicle during a lawful traffic stop has probable cause to search those parts of the vehicle where that marijuana may be contained."  *Simon*, 600 F. App'x at 91 (citing *United States v. Carter*, 300 F. 3d 415, 422 (4th Cir. 2002)).  Trial counsel cannot be deemed ineffective for failing to make a meritless argument based on *Hicks*.[7]

Additionally, trial counsel was not deficient because as noted above, he did indeed file a motion to suppress the firearms evidence recovered during the February 28, 2012 search.  *See* ECF No. 90.  Trial counsel cited and argued the **applicable** law in a thirteen-page memorandum as well at the hearing on the motion.  *See id.*; ECF No. 141 at pp. 94–98.  The Court denies relief as to Ground One.

## II.    Ground Two

---

[7]      Petitioner cites a footnote from the Fourth Circuit's opinion wherein the Fourth Circuit stated, "'Simon also argues that the officers lacked probable cause to seize the firearms they found in the vehicle.  Because Simon did not raise this argument prior to trial, it is waived, and cannot be asserted on appeal absent a showing of good cause.'"  ECF No. 251-1 at p.2 (quoting 600 F. App'x at 91 n.*).  Petitioner apparently believes this footnote supports a finding that trial counsel was ineffective.  However, the Fourth Circuit was simply applying the general appellate principle that an argument not raised below is deemed waived on appeal, as indicated by its citation to *United States v. White*, 584 F.3d 935, 948 (10th Cir. 2009) (holding that moving to suppress evidence on one basis does not prevent waiver of unasserted bases for suppression).  *See* 600 F. App'x at 91 n.*.  In any event, as explained above, such an argument would have failed on the merits, and therefore trial counsel was not ineffective for failing to raise it.

Petitioner asserts trial counsel was ineffective "by failing to challenge Count One of the superseding indictment based on a selective prosecution claim pursuant to Supreme Court precedent in United States v. Armstrong, 517 U.S. 456 (1996) and its line of cases." ECF No. 257-2 at p. 3. Petitioner argues "a reasonably competent defense attorney would have recognized" that the Government's decision to bring the additional drug conspiracy charge amounted to selective prosecution because it resulted from Petitioner's "exercise of his legal right to challenge the initial firearms count of the original indictment." *Id.* at p. 4.

Petitioner cannot show *Strickland* prejudice because his claim fails on the merits. In *Armstrong*, the Supreme Court "consider[ed] the showing necessary for a defendant to be entitled to discovery on a claim that the prosecuting attorney singled him out for prosecution on the basis of his race." 517 U.S. at 458. The Supreme Court held a defendant must "show that the Government declined to prosecute similarly situated suspects of other races." *Id.* Here, Petitioner has not made such a showing.

Moreover, "[i]n the pretrial setting, . . . the Supreme Court has allowed prosecutors to threaten criminal defendants with harsher prosecution during plea negotiations and to carry out those threats if the defendants refuse to accept the prosecution's plea offers." *United States v. Williams*, 47 F.3d 658, 660 (4th Cir. 1995) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). "If a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal." *Id.* at 661 (citing *United States v. Goodwin*, 457 U.S. 368, 378–79 (1982)). Here, as thoroughly detailed in Respondent's brief,[8] there is no evidence that the Government engaged in prosecutorial vindictiveness by filing the superseding indictment after Petitioner had rejected the plea offer regarding the original indictment.

---

[8] *See* ECF No. 280 at pp. 13–15.

*See id.* at 662 (recognizing "*Bordenkircher* and *Goodwin* have made clear that a prosecutor, in the context of plea negotiations, can threaten to bring a more severe indictment against a defendant to pressure him into pleading guilty"). Thus, trial counsel was not ineffective for failing to argue Count One of the superseding indictment amounted to selective and/or vindictive prosecution. The Court denies relief as to Ground Two.

## III.    Ground Three

Petitioner argues trial counsel was ineffective by misadvising him about the proof required for Count One. Specifically, Petitioner claims trial counsel erroneously told him "that the government would have to establish and prove to a jury a single conspiracy involving all three substances alleged in the conspiracy count of the indictment conjunctively in order to secure a conviction on that count." ECF No. 257-2 at p. 5. In support of this allegation, Petitioner relies on the portion of the trial transcript where trial counsel moved for a judgment of acquittal on the basis that there was no evidence that Petitioner possessed with intent to distribute all three drugs—i.e., cocaine, crack cocaine, *and* marijuana—and therefore Petitioner could not be convicted of Count One as a matter of law. *See* ECF No. 237 at pp. 86–87. Citing *Lafler v. Cooper*, 566 U.S. 156 (2012), Petitioner contends trial counsel's alleged misadvice caused Petitioner to reject the Government's final plea offer and proceed to trial. ECF No. 257 at p. 7; ECF No. 257-1 at p. 3.

Four days before trial, the Court asked the parties if they "want[ed] to put on the record any plea offers." ECF No. 235 at p. 81. Trial counsel stated there had been several plea offers, and he set forth the terms of the most recent offer on the record. *Id.* at pp. 81–82. This offer provided that if Petitioner pled guilty to Count Two, the Government would dismiss Count One, Petitioner could appeal the Court's denial of his motion to suppress the firearms and ammunition, and Petitioner would receive a

stipulated sentence of 27 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* ECF No. 235 at pp. 81–82; *see also* ECF No. 264-8 (plea offer). Trial counsel informed the Court that Petitioner did not intend to accept this plea agreement. ECF No. 235 at p. 82.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Lafler*, 566 U.S. at 162 (internal citations and quotation marks omitted). *Frye* and *Lafler* were companion cases involving the issue of when "a criminal defendant seeks a remedy when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, 566 U.S. at 160 (emphasis added). In *Lafler*, the Court held *Strickland* prejudice occurs when, **absent deficient advice**, the defendant would have accepted a plea that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164.

"It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009). "Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." *United States v. Morgan*, 81 F. App'x 786, 788 (4th Cir. 2003). In Petitioner's case, Count One of the superseding indictment conjunctively charged a conspiracy involving cocaine, crack cocaine, "***and***" marijuana. *See* ECF No. 101 at p. 1. As noted above, trial counsel moved for a judgment of acquittal on the basis that the Government had to prove

the alleged conspiracy involved all—not just one or two—of the drugs. *See* ECF No. 237 at pp. 86–87.

The Court denied the motion and subsequently instructed the jury in the disjunctive that it could convict

based upon participation in a conspiracy involving cocaine, crack cocaine, "***and/or***" marijuana. ECF

No. 237 at pp. 87, 90, 166, 173–76. The jury found Petitioner guilty of Count One; notably, the verdict

form indicated the jury found cocaine and crack cocaine attributable to Petitioner, but not marijuana.

*See* ECF No. 158 at p. 1. This finding was sufficient to sustain Petitioner's conviction for Count One.

In his affidavit, trial counsel avers:

> The only reason I asked for the Court to dismiss Simon's drug
> conspiracy charge on the basis that the elements were conjunctive
> (i.e. - that he was in possession of cocaine base, and powder cocaine,
> and marijuana) at the directed verdict stage of trial is that Simon
> repeatedly insisted that I do so. . . . I repeatedly advised Simon in
> many meetings prior to trial, and during trial, the drug conspiracy
> charge did not require the government to prove he was in possession
> of cocaine base, and powder cocaine, and marijuana; rather, it was to
> be read in the disjunctive pursuant to valid Fourth Circuit precedent.

ECF No. 264 at p. 12. Petitioner, as indicated above, presents contrary allegations in his § 2255 motion

and the affidavit/declaration he submitted in response to the motion for summary judgment. *See* ECF

No. 257 at p. 7, ECF No. 257-1 at pp. 3–5, ECF No. 257-2 at pp. 4–6, & ECF No. 265-1 at pp. 4–5.

"When, as here, the factual allegations relate primarily to purported occurrences outside the

courtroom and upon which the record could, therefore, cast no real light, and where the ultimate

resolution rests on a credibility determination, an evidentiary hearing is especially warranted." *United

States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (internal alteration, quotation marks, and citation

omitted). *See also id.* at 297 ("[I]f the parties produce evidence disputing material facts with respect

to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those

disputes."); *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth

Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."); *Raines*, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . . .").

Regarding this issue, the sworn allegations in Petitioner's § 2255 motion and affidavit/declaration directly conflict with those in trial counsel's affidavit. There is a genuine factual dispute regarding whether trial counsel gave deficient advice to Petitioner about the proof required for Count One—i.e., whether the Government had to prove in the conjunctive or disjunctive. The current record does not conclusively resolve this issue, and the Court cannot resolve this factual question without making a credibility determination. *See, e.g.*, *United States v. O'Quinn*, 166 F. App'x 697, 698 (4th Cir. 2006) ("[T]he conflicting statements in the affidavits submitted by O'Quinn and counsel create a factual dispute requiring an evidentiary hearing."). In accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the Court will hold an evidentiary hearing on Petitioner's alleged claim that counsel was ineffective for allegedly misadvising Petitioner about the proof required for Count One of the superseding indictment. **This evidentiary hearing will be limited to Ground Three of Petitioner's § 2255 motion and will NOT cover any other grounds or claims.** The Court will hold in abeyance its ruling on Ground Three pending completion of the evidentiary hearing.

## IV. Ground Four

Petitioner contends trial counsel was ineffective "in failing to challenge the May 9, 2013 drug possession evidence pursuant to Fed. R. Evid. 401 as irrelevant, Fed. R. Evid. 404 as prohibited evidence of other crimes or bad acts, and Fed. R. Evid. 403 as unfairly prejudicial." ECF No. 257-2 at p. 6.

Petitioner's allegations are insufficient to satisfy either *Strickland* prong. First, regarding Rule

401, the drug possession evidence (involving cocaine and crack cocaine) was clearly relevant to one of the offenses—Count One, a drug conspiracy charge involving crack and crack cocaine—for which Petitioner was on trial. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Second, Rule 404(b) did not apply because the drug possession evidence was intrinsic evidence directly connected to the drug conspiracy charged in Count One, and was not extrinsic evidence of *other* crimes or bad acts. *See United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007) ("Rule 404(b) only applies . . . to evidence relating to acts extrinsic to the conduct being prosecuted. Evidence intrinsic to the story of the crime does not fall under Rule 404(b)'s prohibition." (internal citation omitted)). Finally, as intrinsic evidence, the drug possession evidence was highly probative and not unfairly prejudicial, and therefore Rule 403 would not have barred its admission. *See, e.g.*, *United States v. Simmons*, 380 F. App'x 323, 331 (4th Cir. 2010) (finding the challenged evidence "satisfied Rule 404(b) because it was intrinsic to the crime charged—it was part of the same series of transactions as the offense and helped to tell the story of the crime," and did "not run afoul of Rule 403 because, as intrinsic evidence, it was highly probative . . . and . . . was not unfairly prejudicial").

Because an objection based on Rule 401, 404(b), and/or 403 would have been meritless, trial counsel was not ineffective for failing to make such a meritless objection. *See, e.g.*, *United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) ("Because any objection would have been meritless, we also reject Anthony's claim that his counsel rendered ineffective assistance for failing to assert a meritless objection in the district court."). The Court denies relief as to Ground Four.

## V. Ground Five

Petitioner claims trial counsel was ineffective for "[f]ailing to object to or otherwise challenge

the prosecutor's improper remarks to the jury" during the Government's opening and closing arguments. ECF No. 257-1 at p. 7. Specifically, Petitioner claims counsel should have objected to "(1) the prosecutor's improper remarks to the jury that portrayed the May 9, 2013 physical evidence of drug possession as 'drug dealing' as well as part of the charged drug-distribution conspiracy, and (2) the prosecutor's improper remarks to the jury which alleged a relationship between the 'guns and drugs' as one 'connected' case." ECF No. 257-2 at p. 8.

In his supporting memoranda,[9] Petitioner specifies the portions of the Government's opening and closing arguments that were allegedly improper:

- **Opening Argument:**

  (1) "[T]his case is about guns and drugs. . . . [T]hese are two things that often are found in connection with each other. . . . And drug dealing is dangerous enough as it is, but when you add guns to the mix, it makes it even more dangerous. And such is the case in most drug cases and such is the case in this case." ECF No. 236 at p. 23.

  (2) "Remember, I said guns and drugs are connected." *Id.* at p. 27.

  (3) "He was searched, and on his person, in his pants, as a matter of fact deep within his pants - - and you will hear that described in sort of too much detail almost for the case probably - - that the stuff down his pants was crack and powder cocaine. So when he was arrested on these charges, that sort of finishes off the case, basically corroborates what the rest of the witnesses say." *Id.* at pp. 29–30.

- **Closing Argument:**

  (1) "I talked to you about this case being a case involving guns and drugs. Sure enough, you're actually going to have as exhibits multiple firearms, a lot of ammunition, clips of ammunition; extended, 30-round clips of ammunition. You will also have actual drugs introduced into evidence. And this case is about guns and drugs. The guns are the tools of the trade. I told you they'd be connected both in terms of the evidence you'd see and also the witnesses. A lot of witnesses in this case, most of the witnesses, have evidence about both the

---

[9]    *See* ECF No. 257-1 at pp. 7–8; ECF No. 257-2 at p. 8.

14

gun possession and the drug dealing."  ECF No. 237 at p. 99.

(2)    "[T]he final corroboration, so to speak, of the drug dealing is . . . when Trooper Giddings and Trooper Jennings find crack and powder cocaine on the person - - in the pants - - of the defendant, Mr. Simon.  That's the drug case, ladies and gentlemen."  *Id.* at p. 110.

The above remarks challenged by Petitioner were not objectionable, and therefore trial counsel was not deficient for not objecting to them.  First, as explained above, the drug possession evidence was intrinsic to the drug conspiracy charge in Count One, and therefore the Government properly commented on such.  Second, the "indisputable nexus"[10] between guns and drugs is well-established, and therefore the Government properly argued that much in its opening and closing arguments.  In fact, the Court recognized this principle in its order denying severance of Counts One and Two, stating, "[M]utually admissible evidence exists to support both charges.  For example, Defendant's possession of a firearm would very likely be admissible in a separate trial on his drug charge because guns are considered 'tools of the trade' in drug transactions.  *See United States v. Fowler*, 85 F.3d 617 (4th Cir. 1996) (table opinion)."  ECF No. 119.  *See also United States v. Collazo*, 732 F.2d 1200, 1206 (4th Cir. 1984) ("The admission of handguns into evidence in drug cases has been consistently upheld as relevant to the issues raised by such cases.").  Both the drugs and the guns were in evidence, and the Government was entitled to comment on their factual connection.  *See United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998) (recognizing that "argument is limited to the facts in evidence" and that "a prosecutor may argue that the evidence gives rise to an inference" so long as "the suggested inference [is] reasonably drawn from the facts in evidence"); *United States v. Locust*, 95 F. App'x 507, 514 (4th Cir. 2004) ("[T]he evidence at trial supported the theories advanced by the prosecutor during his opening

---

[10]    *See generally United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998).

15

statement. Our court has recognized that 'the very purpose of an opening statement is to inform the jury how the case developed, its background and what will be attempted to be proved.'" (quoting *Butler v. United States*, 191 F.2d 433, 435 (4th Cir. 1951))).

Finally, Petitioner cannot demonstrate prejudice from trial counsel's alleged failure to object because the Government's remarks were not improper and did not deprive Petitioner of a fair trial. *See United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995) ("With respect to claims of prosecutorial misconduct, an appellant must show that the remarks were improper and that they prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial."). The Court denies relief as to Ground Five.

## VI. Ground Six

Petitioner alleges trial counsel was ineffective "for failing to object to or otherwise challenge erroneous drug quantity determination for sentencing." ECF No. 257-1 at p. 8. Specifically, Petitioner contends trial counsel should have objected to the crack cocaine quantity attributed to him. *Id.* at pp. 8–9; ECF No. 257-2 at pp. 9–10.

As Respondent argues, Petitioner's claim is "patently false" because it is directly contradicted by the record. *See* ECF No. 280 at p. 25. Trial counsel was not deficient because he did in fact challenge the drug weight attributed to Petitioner in the presentence investigation report ("PSR"). *See, e.g.*, *United States v. Bowling*, No. 6:09-894-HMH, 2016 WL 4698786, at *3 (D.S.C. May 4, 2016) (finding "trial counsel was not ineffective because counsel in fact objected," contrary to the petitioner's allegation).

The PSR determined Petitioner was accountable for 3.5 grams of powder cocaine and 41.8 grams of crack cocaine. *See* PSR at ¶ 17. These amounts were derived from (1) Markie Cox's

testimony that he purchased from Petitioner between 1 to 2 grams of crack cocaine twice per month for 16 months from 2009 to October 2011 for a total of 32 grams of crack cocaine, and that Petitioner gave Cox 7 grams of crack cocaine in 2012; and (2) the fact that Petitioner was found in possession of 2.8 grams of crack cocaine and 3.5 grams of powder cocaine during his May 9, 2013 arrest. *Id.* at ¶¶ 8–11, 17. Trial counsel filed objections to the PSR and a sentencing memorandum in which he challenged the drug weight calculation, specifically the crack cocaine weight derived from Cox's testimony. *See* ECF No. 264-13 at ¶¶ 5–7, 9, 12; ECF No. 208 at pp. 5–7. After reviewing trial counsel's written objections and hearing his oral argument at the sentencing hearing, the Court reduced the amount of crack cocaine attributed to Petitioner from 41.8 grams to 30.8 grams. *See* ECF No. 238 at pp. 26–33. Thus, trial counsel was not deficient in failing to challenge the drug weights.

Moreover, Petitioner cannot demonstrate prejudice because the Court correctly calculated the drug weights. Specifically, in his *Anders* pro se supplemental brief, Petitioner made similar arguments to those made in his instant § 2255 motion concerning the crack cocaine weight derived from Cox's testimony, and the Fourth Circuit found this issue meritless. *See* 600 F. App'x at 91–92 ("Simon has filed a pro se supplemental brief . . . contending . . . the district court erred . . . by applying a statutory sentencing range based on drug weights that were not found by the jury. . . . [W]e have reviewed the entire record and the issues raised in Simon's pro se supplemental brief and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment."); *United States v. Simon*, No. 14-4341, appellate docket entry #42, at pp. 39–43 (pro se supplemental brief addressing the crack cocaine weight). Thus, because the drug weights were correctly calculated, Petitioner cannot demonstrate prejudice from trial counsel's alleged failure to challenge them. The Court denies relief as to Ground Six.

## VII.    Ground Seven

Petitioner asserts trial counsel was ineffective for "laboring under conflicts of interest." ECF No. 257-1 at p. 9. Petitioner points to various instances in the record where he wanted to make a particular motion or argument but trial counsel did not agree with that "action, strategy, or tactic." *Id.* at pp. 9–11; ECF No. 257-2 at p. 11–12. Additionally, Petitioner cites his unsuccessful efforts to relieve trial counsel and their general inability to get along. *See id.*

> When a petitioner premises his ineffective assistance claim on the existence of a conflict of interest, the claim is subjected to the specific standard spelled out in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), instead of that articulated in *Strickland*. . . . The petitioner must show (1) that his lawyer was under "'an actual conflict of interest'" and (2) that this conflict "'adversely affected his lawyer's performance.'" *Sullivan*, 446 U.S. at 348. If the petitioner can show an actual conflict, and that it adversely affected his lawyer's performance, prejudice is presumed and there is no need to demonstrate a reasonable probability that, but for the lawyer's conflict of interest, the trial or sentencing outcome would have been different. *See Sullivan*, 446 U.S. at 349–50.

*United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007). "These cases most often arise when, for example, counsel concurrently represents more than one defendant on the same criminal charge or where counsel has some relationship with the prosecution." *Ashe v. United States*, 2011 WL 1230830, at *4 (D. Md. Mar. 29, 2011). "[T]he Sixth Amendment does not guarantee representation by a lawyer in whom the defendant reposes special confidence or with whom the defendant is able to establish a 'meaningful relationship.'" *United States v. Burns*, 990 F.2d 1426, 1437 (4th Cir. 1993) (quoting *Morris v. Slappy*, 461 U.S. 1, 13–14 (1983)).

Here, Petitioner has not established an actual conflict of interest or that this alleged conflict adversely affected trial counsel's performance. Petitioner's alleged "conflicts" with trial counsel are

better characterized as disagreements over strategical and tactical decisions, as well as personality clashes. *See Ashe*, 2011 WL 1230830, at *4 ("A client's difference of opinion regarding trial strategy hardly indicates that counsel is 'actively representing conflicting interests.' . . . [T]he expected and usual rifts that develop between disappointed defendants and their counsel cannot be characterized as conflicts of interest." (quoting *United States v. Leggett*, 81 F.3d 220, 227 (D.C. Cir. 1996))); *McNeil v. United States*, 2015 WL 3505559, at *2 (M.D.N.C. June 3, 2015) ("The mere fact that a criminal defendant and his attorney have personality conflicts . . . does not constitute an actual conflict of interest requiring the attorney to be disqualified."), *adopted by* 2015 WL 4757723 (M.D.N.C. Aug. 11, 2015), *appeal dismissed*, 673 F. App'x 327 (4th Cir. 2017). Essentially, Petitioner wanted to usurp trial counsel's fundamental role in this case. The Court recognized as much when denying Petitioner's motion to relieve trial counsel the month before trial:

> Mr. Simon, there is absolutely no basis, no basis for me removing Mr. Nance at this time. He's obviously visited with you multiple times. He knows this case backwards and forwards, which is evident from his representation of you thus far. He's filed the appropriate motions. He has attempted to get and has gotten and made reasonable discovery requests. He's doing everything, everything a lawyer should do and is doing a good job representing you. There is absolutely no reasonable basis for your complaints. Y'all are obviously able to communicate. . . . Generally[,] strategy decisions and what questions to ask and the type of motions that need to be filed, those are things your lawyer handles, decisions he makes.[11] Now, you don't get to pick and choose your court-appointed lawyer. You are getting very effective, competent representation. And it's clear to me you are all able to communicate and discuss your case and get prepared on your case. You may not like what he's telling you, but he's got obligations to tell you the good and the bad. And

---

[11] Petitioner filed various pro se motions throughout the criminal proceedings. *See, e.g.*, ECF Nos. 126, 127, 128, 129, & 130. The Court summarily denied these motions, noting that it would "not entertain pro se motions filed by a party represented by counsel" and that in any event the motions were "without merit." ECF No. 131; *see also* ECF Nos. 149, 151, 203, & 209.

> communication is always a two-way street. . . . I haven't seen any
> basis for your complaints about Mr. Nance. . . . [R]ight now, there's
> no basis for the Court considering appointing you another lawyer.
> He's doing a fine job for you. He's representing you well.

*See* ECF No. 141 at pp. 105–07. *See also United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007)

(finding the defendant's "requests for new counsel reflect that he misunderstood the term 'conflict of

interest' because "[h]e used the term to signify a 'conflict' between his own view of appropriate trial

strategy and that of his counsel"). In sum, no conflict of interest existed in this case, and therefore trial

counsel was not ineffective in this regard.[12] The Court denies relief as to Ground Seven.

## **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of

appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this

standard by demonstrating that reasonable jurists would find that the court's assessment of the

constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El*

*v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds,

the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the

petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In

this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of

---

[12]     Petitioner attempts to rely on the fact that during the direct appeal, trial counsel filed a "Motion to be
Relieved as Counsel and Appoint New Counsel" with the Fourth Circuit (which granted the motion and appointed
Andrew Mackenzie as appellate counsel). *See* ECF No. 285-3. In that motion, trial counsel indicated "that Mr.
Simon may want to raise ineffective assistance of counsel issues on direct appeal." *Id.* at ¶ 6. The Court notes that
trial counsel had an ethical duty **at that time (i.e., once Petitioner indicated he wanted to raise ineffective
assistance claims on direct appeal *after trial was over*)** to file said motion, and therefore this motion is immaterial
to Petitioner's conflict of interest claim.

a constitutional right."

**Conclusion**

The Court **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 257] with respect to Grounds One, Two, Four, Five, Six, and Seven, and **GRANTS** Respondent's motion for summary judgment [ECF No. 281] as to these six grounds. The Court will hold in abeyance its ruling on Ground Three pending completion of the evidentiary hearing.

Regarding Ground Three, the Court finds an evidentiary hearing is warranted on this claim pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings. Accordingly, the Court will hold an evidentiary hearing on Petitioner's alleged claim that counsel was ineffective for allegedly misadvising Petitioner about the proof required for Count One of the superseding indictment. **This evidentiary hearing will be limited to Ground Three of Petitioner's § 2255 motion and will NOT cover any other grounds or claims.** The Court hereby appoints counsel to represent Petitioner **solely** on Ground Three, in accordance with Rule 8(c) and 18 U.S.C. § 3006A. A notice of hearing will be issued from the Office of the Clerk of Court.

The Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis [ECF No. 256]. The Court **GRANTS** Petitioner's motion to appoint counsel [ECF No. 256] and appoints counsel **for the limited purpose of representing Petitioner on Ground Three**. The Court **DENIES** a certificate of appealability as to Grounds One, Two, Four, Five, Six, and Seven because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
September 19, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge