UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Jovan Cornelius Simon, | ) | Crim. No.: | 4:12-cr-00742-RBH-1 |
| | ) | Civ. No.: | 4:16-cv-03282-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on the sole remaining claim—Ground Three—in Petitioner Jovan Cornelius Simon's § 2255 motion. The Court held an evidentiary hearing on Ground Three, took the matter under advisement, and now issues this written Order. For the reasons herein, the Court denies relief on Ground Three and dismisses Petitioner's § 2255 motion in its entirety.

### **Background**[1]

On September 25, 2012, Petitioner was charged in a single count indictment as being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (e). *See* ECF No. 2. Petitioner was arrested on May 9, 2013; and on August 27, 2013, he was charged in a two-count superseding indictment with (1) conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana ("Count One"), in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 846, and (2) being a felon in possession of firearms and ammunition ("Count Two").[2] *See* ECF Nos. 52 & 101. Count One charged a drug conspiracy involving cocaine, crack cocaine, "***and***"

---

[1] The Court's prior order summarizes the relevant factual and procedural history of this case. *See* ECF No. 287.

[2] Petitioner's charges stemmed from two separate traffic stops, Count Two from a stop on February 28, 2012, and Count One from a stop on May 9, 2013.

1

marijuana. *See* ECF No. 101 at p. 1 (emphasis added). Ashley B. Nance (hereinafter referred to as "trial counsel) was appointed to represent Petitioner. *See* ECF No. 58.

At a hearing on November 1, 2013, the Court asked the parties if they "want[ed] to put on the record any plea offers." ECF No. 235 at p. 81. Trial counsel stated there had been several offers, and he set forth the terms of the most recent one on the record.[3] *Id.* at pp. 81–82. This offer (hereinafter referred to as "the Plea Offer") provided that if Petitioner pled guilty to Count Two, the Government would dismiss Count One, Petitioner could appeal the Court's denial of his motion to suppress the firearms and ammunition, and Petitioner would receive a stipulated sentence of 27 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* ECF No. 235 at pp. 81–82; *see also* ECF No. 264-8 (the Plea Offer). Trial counsel informed the Court that Petitioner did not intend to accept this plea agreement. ECF No. 235 at p. 82.

On November 5–6, 2013, Petitioner proceeded to a jury trial. *See* ECF Nos. 149, 151, & 158. After the Government rested its case, trial counsel moved for a judgment of acquittal on several grounds, one of which was that the Government had to prove the alleged conspiracy in Count One involved all three of the drugs alleged in the superseding indictment. *See* ECF No. 237 at pp. 86–87. Trial counsel stated:

> I don't think there's been any evidence entered into this record that states that Mr. Simon agreed with any other individual to conspire and possess with intent to distribute crack cocaine, cocaine, and marijuana.
>
> Now, the last part I just mentioned, crack cocaine, cocaine, and marijuana, I want to mention that because the superseding indictment says "and," it's all three. And I clearly don't think there

---

[3] Before trial, the Government made several plea offers, all of which Petitioner rejected. *See* ECF Nos. 264-2, 264-6, & 264-8. The final Plea Offer is at issue in Ground Three.

> is any evidence that says that he had an agreement to possess with intent to distribute all three of those drugs. And I think you have got to have that the way it's worded in the superseding indictment; you have got to have the evidence that there is agreement to do all three.

*Id.* The Court denied the motion and subsequently instructed the jury in the disjunctive that it could convict based upon participation in a conspiracy involving cocaine, crack cocaine, "***and/or***" marijuana. ECF No. 237 at pp. 87, 90, 166, 173–76. The jury found Petitioner guilty of both Counts One and Two; regarding Count One, the verdict form indicated the jury found cocaine and crack cocaine attributable to Petitioner, but not marijuana. *See* ECF No. 158 at p. 1. This finding was sufficient to sustain Petitioner's conviction for Count One.

After the Fourth Circuit affirmed the Court's judgment and the Supreme Court denied certiorari, Petitioner filed the instant pro se § 2255 motion on September 30, 2016,[4] asserting seven grounds for relief. *See* ECF No. 257. On September 19, 2017, the Court issued an order denying Petitioner's § 2255 motion on all seven grounds except Ground Three, wherein Petitioner alleged trial counsel was ineffective for allegedly misadvising him about the proof required for Count One of the superseding indictment. *See* ECF No. 287. The Court determined an evidentiary hearing on Ground Three was necessary because the sworn allegations in Petitioner's § 2255 motion and affidavit/declaration directly conflicted with those in trial counsel's affidavit. *Id.* at pp. 11–12. Accordingly, the Court reserved its ruling on Ground Three and appointed attorney John M. Ervin, III for the limited purpose of representing Petitioner on Ground Three. *Id.* at p. 21; ECF No. 288.

The Court held the evidentiary hearing on October 16, 2017. *See* ECF No. 298. Petitioner was present and represented by Mr. Ervin, and A. Bradley Parham of the United States Attorney's Office

---

[4] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

represented the Government. The Court heard testimony from Petitioner and trial counsel and received two exhibits into evidence.

### A. Petitioner's Testimony

Petitioner testified he rejected the Plea Offer after trial counsel told him that the Government would have to prove the alleged conspiracy in Count One involved *all* three drugs: cocaine, crack cocaine, *and* marijuana. Petitioner testified it was always his understanding that the Government had to prove all three substances charged in Count One of the superseding indictment, and asserted his rejection of the plea offer was based on this belief. Petitioner referenced several pro se motions that he filed before and after trial, *see, e.g.*, ECF Nos. 110, 127, & 197,[5] and he appeared to claim the content of these motions revealed his understanding of the proof required for Count One.

Petitioner testified he believed that the evidence was pretty strong on the gun charge in Count Two, that there was a reasonable likelihood he would be convicted of this charge, and that a conviction on Count Two would produce a guideline range of 27 to 33 months—a difference of six months from the terms of the Plea Offer. Petitioner claimed that had he known the Government only had to prove a drug conspiracy involving only one of the three types of drugs, he would have accepted the Plea Offer.

Petitioner stated that he had thirty or more meetings with trial counsel and that counsel sent him several letters. Two letters were admitted into evidence without objection during Petitioner's testimony. *See* Pet.'s Exh. 1 & Govt's Exh. 1. In a letter dated October 29, 2013, trial counsel summarized their meeting from October 25, stating, "We discussed the necessary elements that the government has the burden of proving as to each of your charges. I gave you copies of the jury charges on each crime,

---

[5] These three pro se motions discuss various legal arguments (such as conspiracy law) that Petitioner indicated he wanted trial counsel to present to the Court.

4

which outline each of these elements as well as supporting case law." *See* Pet.'s Exh. 1. In another letter dated September 24, 2013, trial counsel stated that he was responding to Petitioner's "most recent letter requesting several items, resources, and information," and was enclosing four cases[6] Petitioner had requested. *See* Govt's Exh. 1. Petitioner appeared to claim these letters supported his claim in Ground Three, but he acknowledged on cross-examination that trial counsel did not specifically advise him in those letters that the Government had to prove all three drugs. Petitioner further acknowledged he did not have any written document showing trial counsel gave such advice.

Also on cross-examination, Petitioner admitted he sometimes agreed with trial counsel and sometimes did not. Petitioner acknowledged trial counsel refused to file several motions that Petitioner wanted him to file, so he (Petitioner) would file them pro se. However, Petitioner maintained it was trial counsel's idea to move for acquittal on the basis that the Government had not proven all three drugs. Petitioner denied trial counsel ever telling him that the Government did not have to prove all three drugs to prove the conspiracy charged in Count One.

### B. Trial Counsel's Testimony

Trial counsel testified that after he was appointed to represent Petitioner, it quickly became apparent that Petitioner was opposed to the charges (initially, the gun charge in the original indictment and later the additional drug charge in the superseding indictment) and intended to contest them. Trial counsel testified Petitioner made it clear from day one that he wanted to contest the charges and was adamant he would not plead to anything, including the gun charge in Count Two.

Trial counsel also described the nature of his and Petitioner's relationship. When the

---

[6] Those cases were *United States v. Patten*, 226 U.S. 525 (1913), *Kotteakos v. United States*, 328 U.S. 750 (1946), *Neder v. United States*, 527 U.S. 1 (1999), and *United States v. Spruill*, 118 F.3d 221 (4th Cir. 1997). At the hearing, Petitioner indicated he found these cases on his own.

5

Government would make a plea offer, he would let Petitioner know what it was. Regarding the Plea Offer in question, trial counsel testified that he thought it was very favorable and that he advised Petitioner of the same. They often disagreed about trial strategy, tactics, and legal positions. Petitioner would frequently send trial counsel letters asking for things and demanding that counsel make certain arguments; most letters involved requests that counsel file any type of motion imaginable, most of which were inapplicable to Petitioner's case. Trial counsel would try to the best of his ability to tell Petitioner why certain things were inapplicable. Counsel explained that his September 24, 2013 letter was in response to a letter from Petitioner asking for over twenty cases; trial counsel stated he did not review or research those cases and sent several to Petitioner simply because Petitioner had requested them.

Trial counsel testified that in nearly every case he has seen involving multiple drugs, the indictment is worded in the conjunctive by using the term "and" but the court charges the jury in the disjunctive, meaning proof of any one of the drugs could secure a conviction against the defendant. Trial counsel testified he was aware of this principle when representing Petitioner and specifically told Petitioner that the Government need only prove disjunctively *any one* of the three drugs charged in the Count One drug conspiracy alleged in the superseding indictment. Trial counsel stated he repeatedly tried to explain this fact to Petitioner in their many meetings leading up to trial, but no matter how many times or ways he did, it fell on deaf ears. Trial counsel clarified that Petitioner *understood* what he would say but would not *accept* trial counsel's explanation; in short, Petitioner believed proof had to be in the conjunctive but trial counsel did not, and in reality the only reason trial counsel included the conjunctive argument was due to Petitioner's insistence and to avoid Petitioner from being hostile towards him.

Trial counsel recalled Petitioner was constantly tugging on his coattails during trial, and that when they reached the judgment of acquittal stage, he made the conjunctive argument simply because Petitioner specifically requested and insisted that he do so.[7] Trial counsel testified he knew this argument was wrong and had no basis in precedent but he saw no harm in making it given Petitioner's insistence that he do so. Trial counsel confirmed he never advised Petitioner this argument was legally correct.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the

---

[7] Trial counsel indicated in his testimony that he would make certain arguments to appease Petitioner and prevent Petitioner from becoming hostile towards him. The Court notes the record from the criminal proceedings is replete with Petitioner's pro se filings and the Court's own observations of Mr. Simon's efforts to handle strategy matters. *See, e.g.*, ECF Nos. 92, 93, 110, 126, 127, 128, 129, 130, 146, 168, 193, 197, 201. The Court had to issue two orders stating it would not entertain pro se motions and finding such motions meritless. *See* ECF Nos. 131 & 203. Additionally, when denying Petitioner's motion to relieve trial counsel, the Court informed Petitioner that "strategy decisions and what questions to ask and the type of motions that need to be filed, those are things your lawyer handles, decisions he makes. . . . [I]t's clear to me you are all able to communicate and discuss your case and get prepared on your case. You may not like what he's telling you, but he's got obligations to tell you the good and the bad." *See* ECF No. 141 at pp. 105–07.

7

plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (internal citations and quotation marks omitted). "The Supreme Court addressed the standard for showing ineffective assistance during the plea bargaining stage in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012)." *United States v. Ray*, 547 F. App'x 343, 344 (4th Cir. 2013). *Frye* and *Lafler* were companion cases involving the issue of when "a criminal defendant seeks a remedy when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, 566 U.S. at 160 (emphasis added). In *Lafler*, the Court held that when "ineffective advice led not to an offer's acceptance but to its rejection," the "test for *Strickland* prejudice in the context of a rejected plea bargain" is as follows:

> Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that [(1)] the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that [(2)] the court would have accepted its terms, and that [(3)] the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 163–64; *accord Frye*, 566 U.S. at 147. *See also Ray*, 547 F. App'x at 344–45 ("[P]rejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have been accepted by the court, and that 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" (quoting *Lafler*, 566 U.S. at 164)). "[T]he court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea." *Lafler*, 566 U.S.

8

at 171.

"[I]t is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011). "Indictments often allege conjunctively elements that are disjunctive in the corresponding statute, and this does not require [] that the government prove all of the statutorily disjunctive elements . . . ." *Id.* "It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009). "Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." *United States v. Morgan*, 81 F. App'x 786, 788 (4th Cir. 2003).

### **Discussion**

In Ground Three of his § 2255 motion, Petitioner brings a *Lafler* claim alleging trial counsel's misadvice about the proof required for Count One of the superseding indictment caused him to reject the Plea Offer and proceed to trial. Specifically, Petitioner alleges counsel erroneously told him "that the government would have to establish and prove to a jury a single conspiracy involving all three substances alleged in the conspiracy count of the indictment conjunctively in order to secure a conviction on that count." ECF No. 257-2 at p. 5. In support of this allegation, Petitioner relies on the portion of the trial transcript where trial counsel moved for a judgment of acquittal on the basis that there was no evidence that Petitioner possessed with intent to distribute all three drugs—i.e., cocaine, crack cocaine, *and* marijuana—and therefore Petitioner could not be convicted of Count One as a matter of law. *See* ECF No. 237 at pp. 86–87.

As explained below, the Court finds Petitioner has not satisfied either *Strickland* prong and therefore is not entitled to relief.

9

## I. Whether Counsel Provided Deficient Advice

It is clear Petitioner's testimony conflicts with trial counsel's testimony as to whether counsel misadvised Petitioner about the proof required for Count One—i.e., whether the Government had to prove all the drugs in the conjunctive or only one of the drugs in the disjunctive. Having heard their testimony and observed their demeanor, the Court finds Petitioner's testimony on this issue **is not credible** and that trial counsel's testimony **is credible**. Specifically, the Court finds (1) Petitioner's testimony that counsel told him proof had to be in the conjunctive and that he rejected the Plea Offer based on this advice **is not credible**; and (2) trial counsel's testimony that he told Petitioner proof only had to be in the disjunctive and that Petitioner understood this advice (but refused to accept it) **is credible**.

Moreover, the Court finds trial counsel's testimony that he made the conjunctive argument at the acquittal stage of trial simply because Petitioner specifically requested and insisted that he do so **is credible**. In making this finding, the Court is mindful that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Trial counsel credibly testified that he knew indictments were routinely phrased in the conjunctive but the proof only had to be in the disjunctive, that he knew his argument seeking acquittal was incorrect, and that he saw no harm in making it given Petitioner's insistence that he do so. Petitioner's testimony to the contrary is not credible. In retrospect, it may have been a good idea for trial counsel to have stated on the record that he was making the conjunctive argument at his client's behest, but such was not at all required of counsel. But again, that is hindsight and the Court must evaluate trial counsel's conduct *from his perspective* at the time he made the

argument, and it is clear he was making it simply to appease his stubborn client, who refused to accept the correct legal principle previously and correctly explained to him by counsel *while the Plea Offer was available*.[8] *See id.* at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . . The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

Furthermore, to the extent Petitioner testified trial counsel supplied information (such as the cases Petitioner requested and counsel gave him) that reveals counsel had an erroneous understanding of the conjunctive/disjunctive issue and caused Petitioner to believe proof of the drugs had to be in the conjunctive, the Court finds Petitioner's testimony not credible. As trial counsel credibly testified, he sent these materials to Petitioner simply because Petitioner had requested them. Trial counsel's action was nothing more than a courtesy to Petitioner.[9] As previously explained, trial counsel credibly testified that Petitioner understood his advice that proof need only be in the disjunctive but refused to accept it.

As for the pro se motions Petitioner filed before and after trial, the Court notes trial counsel did not agree with these motions and therefore did not file them. If anything, the content of these motions corroborates trial counsel's testimony that he and Petitioner often disagreed about trial strategy and legal positions and that Petitioner wanted him to make baseless motions and arguments. The only thing these

---

[8] As the Court explained in its previous order, Petitioner essentially wanted to usurp trial counsel's fundamental role in the criminal proceedings and make whatever arguments Petitioner wanted, as evidenced by his numerous pro se submissions, conduct before the Court, and trial counsel's credible testimony detailing the same. *See* ECF No. 287 at p. 19.

[9] The Court has reviewed the four cases referenced in the September 24, 2013 letter (*Patten*, *Kotteakos*, *Neder*, and *Spruill*), and none of them stand for the proposition that proof of the drugs had to be in the conjunctive. Based on Petitioner's testimony and submissions with his § 2255 motion, *see, e.g.*, ECF No. 285-2 at pp. 10–11 (model conspiracy instruction), it appears he wants to erroneously conflate the principles of conspiracy law (single versus multiple conspiracies) with the unrelated principles dealing with the conjunctive/disjunctive issue.

pro se motions prove is that Petitioner had erroneous legal views that trial counsel did not share.

**Finally**, the Court notes that in the October 29, 2013 letter—written immediately before trial while the Plea Offer was still available—trial counsel informed Petitioner in plain terms that "***there is a strong likelihood of you being convicted at trial***," that Petitioner was facing "**substantial**" penalties if convicted at trial, and that "it is in your best interest to accept the plea agreement."[10] Pet.'s Exh. 1 (first emphasis added). This letter is significant evidence that trial counsel informed Petitioner that the Government could prove Count One at trial, and the letter corroborates counsel's testimony.

In sum, the Court finds Petitioner's rejection of the Plea Offer was not based on deficient advice because trial counsel actually and correctly advised Petitioner that the Government could prove any one of the three drugs (i.e., that proof only had to be in the disjunctive) to secure a conviction on Count One and that there was a strong likelihood of being convicted.

## II. Whether Petitioner Suffered Prejudice

As explained above, the test for *Strickland* prejudice in the context of a rejected plea bargain requires a defendant to show a reasonable probability that he would have accepted the plea offer but for the ineffective advice of counsel. *Lafler*, 566 U.S. at 164; *Frye*, 566 U.S. at 147. The Fourth Circuit has explained that "[i]t is entirely clear that to demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible." *Merzbacher v. Shearin*, 706 F.3d 356, 366–67 (4th Cir. 2013). "Accordingly, only if [Petitioner]'s testimony that he would have accepted the plea was deemed credible could *Frye* and *Lafler* assist him." *Id.* at 367.

Here, Petitioner has not shown a reasonable probability that he would have accepted the Plea

---

[10] Similarly, at the November 1, 2013 hearing, trial counsel stated, "I would submit on the record that it would be in my client's best interests to accept this plea agreement given the facts of the case and upon my review of the facts of this case." ECF No. 235 at p. 82.

Offer. Initially, the Court notes that after trial counsel placed the Plea Offer on the record at the November 1, 2013 hearing four days before trial, he stated, "It's my understanding that *my client does not intend to plead guilty* or accept this plea agreement." ECF No. 235 at p. 82 (emphasis added). More importantly, the Court finds trial counsel's testimony that Petitioner made it clear from the outset of the case that he intended to contest both Count One and Count Two *and was adamant he would not plead to anything*, including the gun charge in Count Two—to which the Plea Offer required him to plead guilty—**is credible**. Furthermore, the Court finds Petitioner's testimony that he would have accepted the plea offer if he had he known the Government only had to prove one of the drugs **is not credible**. Thus, Petitioner cannot establish his claim under *Lafler* and *Frye*. *See Merzbacher*, 706 F.3d at 366–67 (recognizing a petitioner cannot demonstrate *Strickland* prejudice under *Lafler* and *Frye* if he does not credibly testify that he would have accepted the plea offer). Because Petitioner maintained his innocence throughout his case and would not plead to anything, including the Plea Offer at issue, he has failed to demonstrate a reasonable probability that he would have accepted the Plea Offer. *See, e.g.*, *Ray v. United States*, 2015 WL 5174023, at *7 (N.D.W. Va. Sept. 2, 2015) (finding the petitioner could not show *Strickland* prejudice because his testimony that he would have accepted a plea was not credible and because he "maintained his innocence throughout his case"), *aff'd*, 642 F. App'x 280 (4th Cir. 2016).

In conclusion, Petitioner has failed to satisfy the *Strickland* test, and therefore the Court denies relief on Ground Three.[11]

---

[11] As noted in the Court's prior order, *see* ECF No. 287 at n.6, all seven of Petitioner's claims allege ineffective assistance of *trial* counsel, but he makes a cursory allegation that "[a]ppellate counsel provided ineffective assistance on direct appeal." *See* ECF No. 257 at pp. 4, 6–7, 9–10. Petitioner appears to argue appellate counsel was ineffective for not raising these claims (i.e. the allegations of ineffective assistance of trial counsel) on appeal. *See generally Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (recognizing the right to effective assistance of counsel on appeal). The Court has already determined Grounds One, Two, Four, Five, Six, and Seven do not have any merit,

13

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

Based upon the foregoing reasons, the Court **DENIES AND DISMISSES WITH PREJUDICE** Ground Three, **GRANTS** Respondent's motion for summary judgment [ECF No. 281] as to this ground, and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's §2255 motion [ECF No. 257] in its entirety.[12] The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

and therefore appellate counsel cannot be deemed ineffective for failing to raise them. In light of the above discussion concerning Ground Three, the Court now finds appellate counsel was not ineffective for failing to raise it on appeal.

[12] Again, the Court has already issued an order granting Respondent's motion for summary judgment on the six other grounds raised in Petitioner's § 2255 motion. *See* ECF No. 287 at p. 21. Thus, the Court has now addressed, ruled on, and dismissed with prejudice all of Petitioner's claims.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 20, 2017  R. Bryan Harwell
United States District Judge